## Strong v. Commonwealth.

(Decided December 2, 1921.)

### Appeal from Fayette Circuit Court.

Appeal and Error—Evidence.—The Court of Appeals will not reverse a judgment on account of an insuffiiiency of evidence to

support the verdict unless the verdict is palpably and flagrantly against the evidence.

GUY H. BRIGGS and MILLER & MILLER for appellant.

CHAS. I. DAWSON, Attorney General, and CHAS. W. LOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HURT—Affirming.

The appellant, Fred Strong, was indicted for the crime of robbery, and when tried upon that charge was found guilty of grand larceny, a degree of the crime charged, and his punishment fixed at confinement in the penitentiary for five years. He has appealed from the judgment and urges, as grounds for its reversal, that the evidence was insufficient to support the verdict of the jury, and further that the court misinstructed the jury.

(1). The consideration of the first ground of reversal will make necessary a statement of the facts which the evidence tended to prove. A colored man, whose name was William Jones, was proceeding to alight from a train, upon which he had come from Cincinnati to Lexington, Ky., and as he was going through the vestibule of the colored passenger coach and just before arriving at the platform attached to the coach, he felt the hand of some one in his trousers' pocket, upon the right side. In the pocket he had a purse which contained about $32.00. In the endeavor to remove the purse from his pocket, it, in some way, hung and was jerked out with such force as to turn Jones partially around, when he immediately seized the appellant, who was just behind him, by the collar, and cried out that he was being robbed. He testified that he saw appellant's hand being withdrawn from his pocket. The daughter of Jones just preceded him in alighting from the train, and when she heard her father's outcry returned immediately and demanded of the appellant that he restore to the old man his pocketbook. The appellant denied that he had the pocketbook, but in a moment the pocketbook was found upon the floor at appellant's feet, and restored to the owner. A railroad detective appeared and put the appellant under arrest. The appellant did not offer himself as a witness in his behalf, but introduced another witness who testified that she was immediately behind Jones and the appellant, and that another party, whom she did not know, and not appellant, was the person who

undertook to abstract Jones' pocketbook and money, and that such party fled immediately upon the outcry of Jones, and in so doing ran against and nearly upset her. It is very apparent that the evidence offered is sufficient to support the verdict of guilty, and the appellant does not question that the evidence is sufficient to prove a felonious taking of the pocketbook and money and the asportation of it, and all the elements of grand larceny, including the intent to deprive the owner of the money and pocketbook, and the intention to appropriate them to the use of the taker, permanently, but it is contended that the evidence is not suffi- cient to support the verdict as to the identity of the taker. Jones testifies, however, that the appellant was the indi- vidual who was immediately behind him, and whose hand he saw being withdrawn from his pocket when he seized him by the collar. The daughter testifies to the fact that the vestibule through which they were going, was too nar- row to admit of more than one person at a time, and that appellant was the man who was immediately behind Jones, and was seized by him. This evidence and the cir- cumstances fully support the verdict that the appellant was the guilty party, although the evidence of the wit- ness for him contradicts the fact that he was the guilty party. The jury, however, was the judge of the weight to be given to the statements of the witnesses, and it is unnecessary to add that this court will not set aside a verdict on account of an insufficiency of evidence, unless the verdict is palpably against the evidence. (2). The court in apt language submitted to the jury, whether under the evidence, the accused was proven, beyond a reasonable doubt, to be guilty of robbery or larceny, and if larceny whether grand or petit, defining the necessary elements of each offense, and the facts which should be found to exist to constitute the offense, and the punish- ment which should be imposed for the offense of which the jury should find the accused to be guilty. By a sec- ond instruction, the jury was told that the law presumed the accused to be innocent, until proven to be guilty, be- yond a reasonable doubt, and unless every fact necessary to constitute guilt was so proven, it should find a verdict of not guilty. No complaint is made of the foregoing in- structions, but the court added an additional instruction which the appellant claims was prejudicial to him, it was as follows: "If the defendant has been proven guilty, but you entertain a reasonable doubt as to whether he has

been proved guilty of robbery or larceny, you should find him guilty of larceny, the lower degree of the crime charged, and if you believe that he has been proved guilty of larceny, but entertain a reasonable doubt whether he has been proved guilty of grand or petit larceny, you should find him guilty of petit larceny, the lower degree of the crime charged.'' The fault found with this instruction is that following the first clause of the first sentence which says that ''if the defendant has been proved guilty'' it fails to contain the further language ''beyond a reasonable doubt,'' and that the omission led the jury to believe that it was not necessary to believe that the appellant was proven to be guilty, beyond a reasonable doubt, which might arise from the evidence, but was confined to a determination of whether it was robbery or larceny. This criticism of the instruction, we think, is not meritorious, because the jury had been already directed that it could not find accused to be guilty of anything, until the guilt was proven to its satisfaction, beyond a reasonable doubt, and that every fact necessary to constitute guilt had been proven to exist beyond the influence of a reasonable doubt, and following this when the jury was instructed ''if the defendant has been proved guilty'' the jury could not have failed to understand that to be proven guilty meant to be proven guilty beyond a reasonable doubt, as theretofore directed, because it was directed to find a verdict of not guilty if the evidence did not prove guilt, beyond the influence of a reasonable doubt. The instruction would have been in better form, if it had directed the jury substantially, that if it believed from the evidence, beyond a reasonable doubt, that the accused had been proven to be guilty of either robbery or larceny, as theretofore defined in the instructions, but had a reasonable doubt of which offense he had been proven to be guilty of, to find him guilty of the lesser offense, that of larceny. It is not, however, apparent how the instruction in the form in which it was given could have worked any substantial prejudice to appellant's rights. There was no evidence which authorized an instruction upon the subject of petit larceny, since all the proof was that whatever was taken was of the value of more than twenty dollars, but the inclusion of the instruction upon that subject could not have worked any prejudice to the accused.

The judgment is, therefore, affirmed.